UNITED STATES of America,
Plaintiff-Appellee,

v.

Ronald Lewis DAVIS,
Defendant-Appellant.

No. 86–1036.

United States Court of Appeals,
Fifth Circuit.

Oct. 7, 1986.

James A. Johnston, Dallas, Tex. (Court-appointed), for Ronald Lewis Davis.

Karen Skrivseth, Atty., U.S. Dept. of Justice, Crim. Div., Appellate Section, Washington, D.C., Marvin Collins, U.S. Atty., Harry Koch, Asst. U.S. Atty., Dallas, Tex., for the U.S.

Before RUBIN and GARWOOD, Circuit Judges, and SHAW *, District Judge.

* District Judge of the Western District of Louisi-     ana, sitting by designation.

ALVIN B. RUBIN, Circuit Judge:

A defendant, indicted only for illegal possession of a firearm, was sentenced to serve 25 years under the Armed Career Criminal Act of 1984. Because that Act is not merely a sentence-enhancement provision but creates a new offense, for which the defendant was not indicted, we vacate the sentence. In addition, we uphold the constitutionality of the Act against the charge that, because it fixes a minimum but not a maximum sentence, it denies due process to a person charged with violating it.

## I.

During the night, two police officers were patrolling an apartment parking lot where automobile accessories had recently been stolen from parked cars. At 3:20 a.m., the officers saw Ronald Davis sleeping in a car with a tire iron on the passenger seat. They awoke him, and, as he got out of the car, a loaded handgun fell to the ground. Davis told the police officers he had been stealing hubcaps but had fallen asleep.

Davis was indicted on one count of violating 18 U.S.C. App. § 1202(a)(1) (1982). Section 1202(a)(1) makes it a crime to possess a firearm in commerce and affecting commerce after conviction for a felony. According to the indictment, Davis had been convicted of a felony in 1973.

A week later, but before trial, the Government filed a notice that Davis was eligible for imposition of sentence under the Armed Career Criminal Act of 1984.[1] That Act mandates a minimum sentence of fifteen years for those possessing firearms

after three previous convictions for robbery or burglary. The six prior convictions listed in the government's notice were withheld from the jury but used by the judge in sentencing.

Davis challenges his sentence on several grounds: He argues first that he was improperly sentenced under the Act. According to Davis, the Act created a new criminal offense rather than a sentence-enhancement provision for § 1202(a)(1). Consequently, the government's failure to indict him under the Act precludes its use. Davis also contends that Congress' failure to set a maximum sentence for convictions under the Act renders the statute unconstitutionally vague. Davis' third argument is that the district court should have made specific findings of his previous convictions before sentencing him under the Act.

Davis also raises three pro se claims: he seeks relief under the Interstate Agreement on Detainers Act;[2] he argues that Texas waived its right to imprison him for a previous conviction when it sent him to federal prison to serve his sentence under the Armed Career Criminal Act; and he complains that he was sentenced in his absence.

## II.

The language of the Act, our primary guide to congressional intent,[3] indicates that it created a new federal offense. The Act, the full text of which is set forth in the footnote,[4] specifies the offense as firearm possession and three previous convictions for robbery and burglary. It does not predicate punishment upon conviction under § 1202(a)(1), nor does it refer to conviction under § 1202(a)(1) in any way, ex-

---

1. 18 U.S.C.App. § 1202(a) (Supp. III 1985).

2. 18 U.S.C.App. §§ 1–6 (1982).

3. *United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981).

4. The Act provides:
   In the case of a person who receives, possesses, or transports in commerce or affecting commerce any firearm and who has three previous convictions by any court referred to in paragraph (1) of this subsection for rob-

bery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.
18 U.S.C.App. § 1202(a) (Supp. III 1985).

cept to indicate that the three previous convictions must have occurred in a court of the United States, a state, or a political subdivision of a state. Sentence-enhancement provisions, on the other hand, impose an increased punishment for those convicted under another statutory provision.[5]

The Act lacks other common indicia of sentence-enhancement provisions. It does not derive its penalty as a multiplier of § 1202(a)(1).[6] Also, unlike typical sentence-enhancement statutes, 18 U.S.C. § 3575 (1982) and 21 U.S.C. § 849 (1982), for example, it is neither titled as a sentencing provision nor does it set out procedures for the sentencing hearing.[7]

The Government argues, however, that the legislative history reveals that Congress intended to pass the Act as a sentence-enhancement provision. When the statutory language is ambiguous, we are free to consult legislative history to discern congressional intent.[8] We find, however, no such ambiguities in the statute. Nonetheless we have, at the Government's urging, reviewed the legislative history. In it we find some indications consistent with intent to provide merely for sentence enhancement, but other legislative notes are even more suggestive of intent to create a new offense.

The Government observes that predecessor bills explicitly proposed the creation of a new federal offense. Because these proposals also would have involved federal prosecution of local burglaries and robberies, federalism concerns prompted modification of the Act.[9] The report accompanying the final version of the Act noted that Congress was " 'enhancing' an existing Federal crime." [10] Enhancing a crime, however, is not the same as enhancing a sentence. Legislatures commonly grade offenses on the basis of severity, with higher grades constituting separate crimes rather than enhanced sentences. That Congress used "enhancing" to mean the creation of a new crime of firearm possession is supported by the House report. The "Sectional Analysis" states that the Act "amends 18 U.S.C.App. § 1202(a) by adding a *new offense.*" [11] Moreover, the report also describes an earlier Senate bill, S–52, as "essentially an enhancement procedures." [12] The report accompanying S–52 stated that the bill would have "create[d] a new Federal crime." [13]

Because the indictment did not charge Davis with violation of the Armed Career Criminal Act, the court could not convict and sentence him under the Act.[14]

Having vacated the sentence, we need not reach Davis' claim that the district court imposed sentence without making the required findings of fact.

### III.

The Act establishes a minimum sentence of fifteen years but sets no upper limit on the length of incarceration. Davis contends that Congress therefore failed to provide judges with adequate sentencing guidelines and that the Act is consequently so vague as to be unconstitutional under the due process clause. We disagree. It is well established that sentencing statutes

---

5. *Garrett v. United States,* — U.S. —, 105 S.Ct. 2407, 2413, 85 L.Ed.2d 764 (1985); *United States v. Schell,* 692 F.2d 672, 676 (10th Cir.) *reh. denied* (1982).

6. *Garrett,* — U.S. at —, 105 S.Ct. at 2413.

7. *Id.* at —, 105 S.Ct. at 2413.

8. *Jones v. MARTA,* 681 F.2d 1376, 1379 (11th Cir.1982), *cert. denied,* 465 U.S. 1099, 104 S.Ct. 1591, 80 L.Ed.2d 123 (1984).

9. H.R.Rep. No. 1073, 98th Cong., 2d Sess. 4 (1984).

10. *Id.* at 5 (emphasis added).

11. *Id.* at 6 (emphasis added).

12. *Id.* at 4.

13. S.Rep. No. 190, 98th Cong., 1st Sess. 3 (1983).

14. *United States v. Ylda,* 643 F.2d 348, 351 (5th Cir.), *reh. denied,* 653 F.2d 912 (5th Cir.1981).

are not unconstitutionally vague for failure to fix a maximum sentence.[15]

## IV.

Davis also contends that the Government violated the Interstate Agreement on Detainers Act, 18 U.S.C.App. §§ 1–6 (1982), (The Detainers Act). According to the Detainers Act, when the federal or a state government assumes custody of a prisoner from another jurisdiction for trial on new criminal charges, it must try the prisoner before returning the prisoner to the original jurisdiction.[16] The record suggests that the federal government never assumed custody of Davis within the meaning of the Detainers Act, and Davis offers no contradictory evidence. Moreover, because Texas did not accept custody after the trial, he was never returned to its jurisdiction.

Davis next contends that Texas waived his state sentence by relinquishing him to the federal prison before he had completed his state sentence. Due process requires a state to seek completion of a sentence in a timely fashion.[17] Texas, however, acted properly. It was entitled to defer its sentence until Davis had served the federal sentence.[18] Moreover, it filed its detainer warrant only three months after Davis arrived in federal prison and therefore well before the expiration of the federal sentence.[19]

Finally, Davis complains that the district court amended his sentence in his absence. The judge did amend the sentence to run immediately rather than after the state sentence. Federal Rule of Criminal Procedure 43, however, requires the defendant's presence only when the sentence is made more onerous.[20]

For the reasons above, we VACATE Davis' sentence under the Armed Career Criminal Act and REMAND for resentencing under 18 U.S.C.App. § 1202(a)(1).

---

**15.** *Earin v. Beto,* 453 F.2d 376, 377 (5th Cir.), *cert. denied,* 406 U.S. 909, 92 S.Ct. 1618, 31 L.Ed.2d 819 (1972); *Binkley v. Hunter,* 170 F.2d 848, 849 (10th Cir.1948), *cert. denied,* 336 U.S. 926, 69 S.Ct. 645, 93 L.Ed.2d 1087 (1949); *United States v. Greene,* 510 F.Supp. 128, 130 (E.D. Pa.1981). *See also United States v. Bridges,* 760 F.2d 151, 153 (7th Cir.1985).

**16.** 18 U.S.C.App. § 2, Art. IV(e).

**17.** *Shields v. Beto,* 370 F.2d 1003 (5th Cir.1967).

**18.** *Piper v. Estelle,* 485 F.2d 245 (5th Cir.1973) (per curiam).

**19.** *Fabian v. Reed,* 714 F.2d 39 (5th Cir.1983) (per curiam).

**20.** *United States v. McClintic,* 606 F.2d 827, 828 (8th Cir.1979) (per curiam).