**Larry D. HARPER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. WC86–167–S.

United States District Court,
N.D. Mississippi, W.D.

Aug. 14, 1987.

Larry D. Harper, Federal Correctional Ins., Tenn., pro se.

Robert Q. Whitwell, U.S. Atty., John M. Alexander, Asst. U.S. Atty., Oxford, Miss., for respondent.

## OPINION

SENTER, Chief Judge.

This cause comes before the court on petitioner's motions for reduction or modification of his sentence, summary judgment, and to vacate, set aside, or correct his sentence. The court, being fully advised in the premises, is of the opinion that the first two motions should be denied, but that the motion to vacate should be sustained in part and denied in part.

### Factual Background

Larry DeWayne Harper, petitioner herein, was convicted of seven counts of firearms violations and sentenced to a term of twenty-five years. This conviction was affirmed on appeal. *United States v. Harper*, 802 F.2d 115 (5th Cir.1986), *reh. denied.*

In his present request for relief, petitioner alleges (1) that his conviction and sentencing under counts I and IV was duplicative of counts II and V and therefore unconstitutional, (2) that he was impermissibly convicted and sentenced under counts V and VII of the indictment, and (3) that he received ineffective assistance from his court appointed counsel.

A brief summary of the seven count indictment is helpful in understanding petitioner's claims. This information may be set out in a table as follows:

Table

| Count | Charge | Statutory Basis | Sentence |
|---|---|---|---|
| I | Making false statements in connection with the purchase of a firearm | 18 U.S.C. §§ 922(a)(6) and 924 | 3 years |
| II | Illegal possession of a firearm by a convicted felon | 18 U.S.C. App. II § 1202(a)(1) | 2 years |
| III | Illegal possession of a firearm by a convicted felon | 18 U.S.C. App. II § 1202(a)(1) | 2 years |
| IV | Making false statements in connection with the purchase of a firearm | 18 U.S.C. App. §§ 922(a)(6) and 924 | 3 years |
| V | Illegal possession of a firearm by a convicted felon | 18 U.S.C. App. II § 1202(a)(1) | 15 years |
| VI | Illegal possession of an unregistered sawed-off shotgun | 26 U.S.C. §§ 5861(b) and 5871 | 5 years |
| VII | Illegal possession of a firearm by a convicted felon | 18 U.S.C. App. II § 1202(a)(1) | 15 years |

The two fifteen (15) year sentences under counts V and VII were set to run concurrently with each other, but consecutively as to the other sentences. The two two (2)

year sentences under counts II and III were likewise set to run concurrently with each other, but consecutively with the other sentences. The two three (3) year sentences under counts I and IV were dealt with the same way, set to run concurrently with each other, but consecutively with the remaining sentences. The five (5) year sentence under count VI was ordered to run consecutively with the other terms previously stated. Hence, pursuant to the court's order, petitioner was to serve a period of twenty-five years incarceration, subject to the relevant statutory provisions governing parole in such situations.

At his trial in March of 1986, petitioner was found guilty of, *inter alia*, illegally possessing a firearm. The underlying indictment was handed down in late 1985; the firearm offenses occurred on or about May 4, 1984. At the time the offense was committed, 18 U.S.C. Appendix II § 1202(a)(1) provided that violations arising under its terms would be punishable by maximum penalties of a $10,000.00 fine, or imprisonment for not more than two years, or both.

In November of 1984, Congress enacted the Armed Career Criminal Act. Although initially codified in 18 U.S.C. Appendix II § 1202(a)(1), the substantive provisions of the Act were later merged with the former 18 U.S.C. § 922(h) to form a new statutory provision, 18 U.S.C. § 922(g). All penalties for the various Title 18 gun violations, including the enhanced sentencing provisions, are now found in 18 U.S.C. § 924.

Although petitioner's first ground for relief may be disposed of without reference to this legislative history, his second and third claims rest to a certain extent upon an interpretation of the Armed Career Criminal Act and the relevant court decisions which have followed its enactment.

### Legal Analysis

(a) Double Jeopardy Claim.

Petitioner's first argument asserts that counts I and IV charged him with the same offenses as counts II and V. Since the counts were duplicative, petitioner asserts that he was tried and convicted twice for the same offense(s) in violation of the fifth amendment.

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." It protects against three different governmental abuses: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

When multiple punishments are imposed at a single trial, their propriety has consistently been described by the Supreme Court as a matter solely of statutory construction. *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). The legislature may impose whatever punishments it sees fit for any combination of crimes subject only to the limitations of the eighth amendment. *Davis v. Herring*, 783 F.2d 511 (5th Cir.1986). A court may impose consecutive sentences whenever the legislature intended them; if the legislative intent is clear, then the Constitution requires only that it be obeyed by the sentencing court. *Id.*

If, however, the legislature's intent is uncertain, the sentencing court must determine whether the legislature intended that the two offenses be punished cumulatively. *Albernaz, supra,* 450 U.S. at 337, 101 S.Ct. at 1141; *Davis, supra,* at 514. The test to be applied to determine whether there are two offenses or only one is "whether each provision requires proof of an additional fact that the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

■ The statutory elements of the crimes of illegal possession of a firearm by a previously convicted felon and of making false statements in connection with the purchase of a firearm are not the same under the *Blockburger* test.

Count I charged petitioner with making a false statement while purchasing a .22 caliber pistol on May 4, 1984. 18 U.S.C.

§ 922(a)(6).[1] Count II charged petitioner with illegally possessing the same firearm on the same date. 18 U.S.C. Appendix II § 1202(a)(1). Although the circumstances underlying the two offenses are the same, the elements of each offense are different.

Count IV charged petitioner with making a false statement when purchasing a .38 caliber pistol on November 9, 1984. 18 U.S.C. § 922(a)(6). Count V charged petitioner with illegally possessing the firearm on that day. 18 U.S.C. Appendix II § 1202(a)(1). Once again, although the factual predicate is similar with respect to both offenses, the elements of making false statements are different from those of illegal firearms possession.

To establish a violation of § 922(a)(6), the government must show that the defendant (1) acquired a firearm from a federally licensed firearms dealer as charged; (2) that in doing so, he knowingly made a false statement, (3) which was intended to deceive or was likely to deceive the firearms dealer as to the lawfulness of the sale in question. *United States v. Harrelson*, 705 F.2d 733, 736 (5th Cir.1983). On the other hand, in order to prove that a violation of § 1202(a)(1) has occurred, the government had to show that the defendant (1) was a convicted felon, (2) who knowingly received or possessed a firearm, (3) which had been transported in interstate commerce at some point in time.

In finding that the *Blockburger* test indicates a rejection of petitioner's Double Jeopardy claim, the court takes into account the pronouncement by the Supreme Court in *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980):

[T]he *Blockburger* test focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence presented at trial.

\* \* \* \* \* \*

[I]f each *statute* requires proof of an additional fact which the other does not, the offenses are not the same under the *Blockburger* test.

*Id.* at 416, 100 S.Ct. at 2265 (citations omitted).

The proscription in § 922(a) against making false statements in connection with the purchase of a firearm is different from that against actual possession of that firearm. Petitioner's contention in this regard is accordingly denied.[2]

(b) Ex Post Facto Claim.

■ In his motion to vacate, petitioner also asserts that he was tried and convicted under the Armed Career Criminal Act of 1984, 18 U.S.C. Appendix II § 1202(a)(1), for offenses that took place prior to the passage of the Act. This, petitioner asserts, amounts to imposition of a penalty in an ex post facto manner.

In counts II and III, petitioner was charged with illegal possession of a firearm on May 4, 1984, and again on October 5, 1984. The Armed Career Criminal Act was subsequently passed by Congress.

Prior to the passage of the Act, § 1202(a)(1) provided for maximum penalties of a $10,000.00 fine, or imprisonment for not more than two years, or both. At the sentencing hearing, the court noted that while the indictment listed the newer,

---

1. Federal law requires individuals seeking to purchase a handgun to fill out an ATF Form 4473 for each purchase. By means of this form, the Bureau of Alcohol, Tobacco and Firearms (ATF) receives a record of every firearms transaction. The form requests the following information: name, height, weight, race, residence, address, date of birth, and place of birth. The form also requires that the purchaser answer eight questions concerning, among other things, the buyer's past criminal record. The form notifies the buyer that any false statements or a false answer to any of the eight questions may subject him to criminal prosecution. *See generally, United States v. Adams*, 778 F.2d 1117, 1119 (5th Cir.1985).

2. In *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), the Supreme Court held that a defendant could be prosecuted simultaneously for violations of § 922(h) and § 1202(a) involving the same firearm, but could not be convicted and sentenced under both statutes, since "receipt" of an illegal firearm is also "possession" of one. The Court did not hold that a felon convicted under § 922(a)(6) of making false statements could not also be convicted and sentenced under § 1202(a)(1) for illegal possession of the purchased gun.

higher penalties as prescribed by the Act, petitioner was only subject to incarceration for a maximum of two years. This was the sentence handed down under counts II and III, and petitioner is not entitled to any further relief in this regard.

#### (c) Insufficient Listing of Elements in the Indictment Claim.

■ When Congress enacted the Armed Career Criminal Act, it created a new offense. *United States v. Davis*, 801 F.2d 754 (5th Cir.1986). In order to obtain a conviction, the government must list the three predicate convictions in the indictment and prove their existence at trial. *Id.* Failure to follow this procedure results in a vacation of the sentences imposed under the Act and an imposition of new sentences in conformity with the prior provisions of § 1202(a)(1). *Id.*

The government, relying upon interpretations of the Act announced in other circuits, viewed the Act as a sentence enhancement provision and notified the petitioner and the court of the Act's applicability and the predicate offenses prior to trial, but failed to amend or alter the indictment. After reviewing the decision of the Fifth Circuit in *Davis, supra,* the government concedes that the petitioner is entitled to habeas relief on this ground.

#### (d) Ineffective Assistance of Counsel Claim.[3]

Petitioner asserts as his final ground for relief that he received ineffective assistance of counsel at the trial and appellate level. Although petitioner's allegations are largely conclusory, he does state that counsel failed to present the above-mentioned *Davis* claim to the court for consideration. The *Davis* decision was handed down on October 7, 1986. Petitioner's conviction was affirmed on October 9, 1986, two days later. In light of the lapse between the

issuance of decisions and this eventual publication, it seems clear that counsel could not have known of the *Davis* ruling through reasonable diligence until after he had received notice of petitioner's affirmance. Letters submitted to the court by the petitioner support this conclusion: petitioner avers that he mailed counsel a copy of the appellate brief in August of 1986 and forwarded a copy of the court's opinion to him on October 10, 1986. Presentation of the *Davis* claim would have been possible in either a petition for rehearing or a petition for a writ of certiorari to the Supreme Court.

Counsel mailed a copy of the Fifth Circuit affirmance to petitioner immediately upon receipt. The opinion and a letter requesting further instructions were not received by the petitioner until November 4, 1986. The time for filing a petition for rehearing had since run, however, and counsel telephoned petitioner to find out if he wished to file a petition for leave to file an out-of-time appeal, a petition for writ of certiorari, or a motion to vacate or correct his sentence under either Rule 35, Fed.R. Civ.P., or 28 U.S.C. § 2255. Petitioner apparently requested all three and forwarded a § 2255 motion to counsel a few days later. This motion, unchanged by counsel, was subsequently filed with this court for review.[4]

Petitioner does not allege that his counsel was incompetent due to the postage error. Rather, he asserts that "any competent attorney after reading the judgment [affirming his conviction] would not have to be told to request for a rehearing after seeing that the court was confused over an issue raised on appeal." Petitioner stated that he requested counsel to file both a petition for rehearing and for certiorari, but that neither was filed in the immediate future.

The Supreme Court explained in *Strickland v. Washington,* 466 U.S. 668, 104

---

3. Contrary to the contentions of the government, petitioner expressly states in his traverse that he does not wish to abandon or withdraw his ineffective assistance of counsel claim. The court thus deems a brief discussion of this ground to be appropriate.

4. On November 24, 1986, petitioner submitted his § 2255 motion directly to the court for filing. Approximately two weeks later, counsel attempted to file the same pleading, whereupon he learned of the prior filing.

S.Ct. 2052, 80 L.Ed.2d 674 (1984), that a two-part test should be utilized in determining whether a criminal defendant has been deprived of his right to effective assistance of counsel.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or ... sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. A strong presumption exists that an attorney's performance falls within the "wide range of professional assistance" guaranteed by the Constitution; the defendant bears the heavy burden of proving that counsel's representation was unreasonable under prevailing norms and either that the challenged action was not sound strategy or, in the case of inaction, the result of substantial oversight. *Kimmelman v. Morrison,* 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

As a general rule, prisoners have no constitutional right to counsel, or effective assistance of counsel, when mounting a collateral attack to their convictions. The right to appointed counsel and effective assistance from the same extends to the first appeal of right, and no further. *See Pennsylvania v. Finley,* — U.S. —, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). To the degree that petitioner complains of counsel's actions on his appeal to the Supreme Court or his collateral attack in this court, his claim fails to rise to constitutional dimensions.

**5.** In limiting the focus of petitioner's ineffective assistance of counsel arguments to the *Davis* claim, the court by no means fails to note that the following actions are also challenged: (1) counsel declined to seek bond pending appeal, (2) counsel refused to supplement his appellate

After reviewing the allegations previously referred to, the court finds that petitioner is mainly challenging the decision of counsel not to argue the *Davis* claim on direct appeal, either initially or on rehearing.[5] The court has already held that this claim had merit, but a *Strickland* analysis reveals no constitutional error occurred.

■ Assuming that counsel was deficient in failing to include the *Davis* claim in petitioner's appellate brief, the second prong of the *Strickland* test requires a showing of prejudice. Petitioner received a sentence of twenty-five years at trial; vacating the fifteen-year concurrent sentences under counts V and VII leaves petitioner with a remaining ten years incarceration on other counts. Petitioner was not entitled to be considered for parole until one-third of his sentence had passed, and this fraction is accordingly reduced from eight plus years to three plus years, at minimum. By presenting the *Davis* claim to the courts *pro se,* petitioner has mitigated any damage he would have suffered from counsel's error. Accordingly, there is no showing of prejudice under the *Strickland* analysis.

### Conclusion

Petitioner's fifteen year sentences under counts V and VII will be vacated and set aside. Petitioner will be resentenced on these counts pursuant to the statutes in effect at the time the offenses were committed; a date for sentencing will be set by further order of the court. Petitioner will be denied relief in all other respects.

An order shall issue in conformity with this opinion.

ORDER SUSTAINING PETITIONER'S MOTION TO VACATE IN PART AND DENYING RELIEF IN ALL OTHER RESPECTS

This cause comes before the court on petitioner's motions for reduction or modifi-

brief upon request, (3) counsel declined to file a petition for rehearing with the appellate court without first obtaining approval from the petitioner, and (4) counsel refused to accept collect calls from petitioner.

cation of his sentence, summary judgment, and to vacate, set aside, or correct his sentence. The court, for reasons stated in an opinion issued this date, finds that petitioner's first two motions should be denied, but that the motion to vacate is well taken and should be partially sustained.

Accordingly, IT IS ORDERED:

1) That petitioner's Rule 35 motion for reduction or modification of his sentence is hereby denied;

2) That petitioner's Rule 56 motion for summary judgment is hereby denied; and

3) That petitioner's § 2255 motion to vacate, set aside, or correct his sentence is hereby granted in part, and his fifteen (15) year sentences under counts V and VII are hereby vacated and set aside. Petitioner shall be resentenced under these counts at a date to be set by further order of the court. Petitioner's remaining requests for relief are hereby denied.

## ORDER DENYING MOTION FOR BAIL

Petitioner Larry D. Harper now moves the court for an order setting his bail and granting him a release from confinement pending the resolution of his request for postconviction relief. In view of the opinion and order issued this date granting petitioner relief only as to a portion of his twenty-five year sentence, the court finds that the instant motion is not well taken and should be denied.

Accordingly, IT IS ORDERED:

That petitioner's motion for bail is hereby denied.