**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George Marcus AFFLECK,**
**Defendant–Appellant.**

**No. 88–1241**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1988.

John H. Hagler, Dallas, Tex., (court-appointed), for defendant-appellant.

Randell P. Means, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Ft. Worth, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge,
JOHNSON, and JOLLY, Circuit Judges.

CLARK, Chief Judge:

George Marcus Affleck challenges his sentence to fifteen years confinement for possession and transportation of firearms by a felon pursuant to 18 U.S.C. § 924(e)(1). Because § 924(e)(1) does not create a separate offense but is merely a sentence enhancement provision, the three previous felony convictions required by § 924(e) are not an element of the offense for which Affleck was tried. Therefore, the propriety of the three prior convictions was not an issue required to be submitted to the jury. We affirm Affleck's conviction under 18 U.S.C. § 922(g) and the sentence imposed under 18 U.S.C. § 924(e)(1).

## I.

George Affleck was indicted and convicted under 18 U.S.C. § 922(g) for the possession and transportation of firearms by a convicted felon. The penalty for violation of this section is a fine of not more than $5000, or imprisonment for not more than five years, or both. 18 U.S.C. § 924(a)(1). Section 924(e)(1), however, establishes a minimum sentence of 15 years for those who violate § 922(g) and have three previous felony convictions. Affleck's indictment alleged four previous felony convictions; therefore, he was sentenced pursuant to § 924(e)(1).

At trial the government presented evidence of the four felony convictions alleged in the indictment. Affleck requested that the jury be instructed to determine whether he had three previous felony convictions. The instruction was refused. Prior to the sentencing hearing, Affleck filed a motion to restrict the range of punishment to that found in § 924(a)(1), since the jury had

made no determination as to the validity of the three prior felony convictions necessary for sentencing under § 924(e)(1). This motion was also denied.

Affleck argues that § 924(e)(1) establishes an independent federal offense, an element of which is three previous felony convictions. He maintains that the court's refusal to instruct that the jury was required to make findings on the three previous felony convictions resulted in a failure to instruct on all elements of the offense of which he was convicted. Affleck requests that his sentence be vacated and the case be remanded for resentencing within the permissible range for the offense for which he was lawfully convicted, violation of § 922(g).

## II.

The provisions found in § 924(e)(1) were originally codified at 18 U.S.C. § 1202(a), as part of the Armed Career Criminals Act.[1] That Act was interpreted by this court in *United States v. Davis*, 801 F.2d 754 (5th Cir.1986). We held § 1202(a) created a new federal offense rather than simply enhancing the penalty applicable to recidivists. The *Davis* court enumerated four factors as persuasive in determining that § 1202(a) was not a sentence-enhancement provision: 1) the Act did not predicate punishment upon conviction under another section nor did it refer to conviction under another section; 2) the penalty was not derived as a multiplier of another sentence; 3) the Act did not provide guidelines for the sentencing hearing; and 4) the Act was not titled as a sentencing provision. *Davis*, 801 F.2d at 755–56.

Section 1202(a) was repealed effective November 15, 1986 and re-enacted as 18 U.S.C. § 924(e)(1), which reads:

1. The Act provided:
   In the case of a person who receives, possesses, or transports in commerce or affecting commerce any firearm and who has three previous convictions by any court referred to in paragraph (1) of this subsection for robbery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwith-

standing any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.
18 U.S.C.A. § 1202(a) (Supp. II 1985).

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

The changes effected by the 1986 amendments change the result of the analysis of § 1202(a). Under the *Davis* factors § 924(e)(1) has become a sentence enhancement provision.

Section 924(e) conditions sentencing under that provision upon a violation of § 922(g). It does not repeat the possession and commerce elements as did § 1202(a). Section 924(e) specifically refers to the conviction under 922(g), and differentiates between the conviction under that section and the sentence under § 924(e)(1). When Congress transferred the provisions of § 1202(a) into § 924(e), it placed the new provisions within the section titled "Penalties." All proscribed conduct is described in § 922. That section contains no mention of punishment. Section 924 sets out the punishment for those offenders who violate § 922. This evinces a congressional intent to provide a sentencing provision, rather than creating an independent offense.

We conclude that § 924(e), as amended, is intended only to provide enhanced punishment for those persons convicted under § 922(g) who also have three previous felony convictions. It was unnecessary for the jury to make any determination regarding the prior convictions of Affleck, since that was not an element of the offense for which he was indicted and convicted.

### III.

Affleck also asserts that his sentence violates the Due Process Clause of the fifth amendment. He maintains that conduct which exposes a criminal defendant to greater punishment than that permitted for the crime charged must be proved beyond a reasonable doubt. The Due Process Clause requires proof beyond a reasonable doubt of every fact necessary to constitute the crime. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). However, in sentencing those who have been constitutionally convicted, courts have traditionally operated without "constitutionally imposed burdens of proof." *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 2420 n. 8, 91 L.Ed.2d 67 (1986). Traditional sentencing factors need not be pleaded and proved at trial. *Id.* 106 S.Ct. at 2419. Similar constitutional challenges to the enhanced sentence provided for "dangerous special offenders" under 18 U.S.C. § 3575 have been uniformly rejected by the Courts of Appeals. *See, e.g., United States v. Bowdach*, 561 F.2d 1160, 1172–75 (5th Cir.1977). Since the issue of Affleck's prior convictions is not an essential element of the crime defined by § 922, the enhanced sentence provisions of § 924(e)(1) do not evoke the Due Process Clause.

### Conclusion

The judgment of conviction of George Marcus Affleck and the sentence imposed by the district court are

AFFIRMED.