**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ethel Mae JACKSON,
Defendant–Appellant.**

**No. 89–2287
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 29, 1989.

David Paul Cunningham, Houston, Tex.
(court-appointed), for defendant-appellant.

Frances H. Stacy, Paula Offenhauser,
Kathlyn Giannuala, Asst. U.S. Attys., Hen-

ry K. Oncken, U.S. Atty., Houston, Tex.,
for plaintiff-appellee.

Before CLARK, Chief Judge,
WILLIAMS and DUHÉ, Circuit Judges.

PER CURIAM:

I.

Ethel Mae Jackson pleaded guilty to five counts of fraudulent use of the mails in connection with applications for federal student financial aid. 18 U.S.C. § 1341. The district court sentenced Jackson to concurrent fourteen-month prison terms and imposed a $50.00 special assessment on each count. Because Jackson committed the offenses while free on bond in a related criminal action, the district court imposed an additional twelve-month prison term pursuant to 18 U.S.C. section 3147. Jackson appeals her sentence, contending that section 3147 creates an independent federal offense for which she has not been indicted. She also challenges the constitutionality of the $50.00 special assessment. 18 U.S.C. § 3013. We affirm.

II.

In May of 1988, Jackson was indicted on a seventy-count indictment charging her with fraudulently obtaining student financial assistance funds, 20 U.S.C. § 1097(a), and using false social security numbers to obtain the funds, 42 U.S.C. § 408(g)(2). She was released on bond on June 10, 1988 and subsequently pleaded guilty to fifteen counts of the indictment. (Criminal action H–88–184).

In December of 1988, Jackson was indicted on the present thirty-count indictment for fraudulent use of the mails in connection with false applications for student financial aid. 18 U.S.C. § 1341. The offenses alleged in the indictment occurred at various times between September and November of 1988, while Jackson was free on bond in the prior criminal action. On February 3, 1989, she pleaded guilty to five

counts of the indictment. (Criminal action H–88–401).

The district court conducted a consolidated sentencing hearing in the two cases. In H–88–184, the district court sentenced Jackson to concurrent two-year prison terms and imposed a $50.00 special assessment on each of the fifteen counts. Jackson also agreed to pay restitution in the amount of $48,000. We affirmed the sentence on appeal. *United States v. Jackson,* No. 89–2283 (5th Cir.1989). In the present case, the district court sentenced Jackson to concurrent fourteen-month prison terms, to be served consecutively to her sentence in H–88–184, and imposed a $50.00 special assessment on each of the five counts. Because the offenses were committed while Jackson was free on bond, the court imposed an additional twelve months imprisonment pursuant to 18 U.S.C. section 3147 to be served consecutively to the fourteen-month prison term.

■ Jackson contends that section 3147 creates an independent federal offense, an element of which is the defendant's being free on bond pending other judicial proceedings. She requests that we vacate the twelve-month prison term imposed pursuant to section 3147 because she was never indicted under that section. Jackson also challenges the constitutionality of the $50.00 special assessment. Because section 3147 does not create a separate offense but is merely a sentence-enhancement provision and this Circuit has recently upheld the $50.00 special assessment against constitutional attack, we affirm the sentence imposed.

### III.

*A. 18 U.S.C. Section 3147.*

Section 3147, entitled "Penalty for an offense committed while on release," provides:

> A person convicted of an offense committed while released under this chapter [ (Release and Detention Pending Judicial Proceedings) ] shall be sentenced, in addition to the sentence prescribed for the offense to—

> (1) a term of imprisonment of not more than ten years if the offense is a felony; or

> (2) a term of imprisonment of not more than one year if the offense is a misdemeanor.

A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

Whether section 3147 creates an independent federal offense or is merely a sentence-enhancement provision is a matter of legislative intent. *See United States v. Davis,* 801 F.2d 754, 755 (5th Cir.1986). In *United States v. Affleck,* 861 F.2d 97 (5th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1325, 103 L.Ed.2d 593 (1989), we listed four factors which are helpful in making that determination: (1) whether the statute predicates punishment upon conviction under another section; (2) whether the statute multiplies the penalty received under another section; (3) whether the statute provides guidelines for the sentencing hearing; and (4) whether the statute is titled as a sentencing provision. *Id.* at 97. When the legislative intent is clear from the language of the statute, the judicial inquiry is at an end. *See United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981); *Davis,* 801 F.2d at 755.

The plain language of section 3147 convinces us that Congress intended section 3147 to be a sentence-enhancement provision rather than an independent offense. Section 3147 expressly predicates punishment on being convicted of another offense. This is the main feature of a sentence-enhancement provision. *See Garrett v. United States,* 471 U.S. 773, 781, 105 S.Ct. 2407, 2412, 85 L.Ed.2d 764 (1985); *Davis,* 801 F.2d at 756. While the penalty imposed under section 3147 is not, strictly speaking, a *multiplier* of the sentence imposed for the other offense, the penalty is directly tied to and varies in severity with the seriousness of the other offense. 18 U.S.C. §§ 3147(1) and (2). The caption of section 3147, *"Penalty* for an offense committed while on release" (emphasis added), also indicates that it is a sentence-enhancement provision. *See Affleck,* 861 F.2d at

99 (statute codified in section entitled "Penalties" was a sentence-enhancement provision). The only indicator lacking in section 3147 is that it does not provide guidelines for the sentencing hearing. This factor alone is insufficient to show that Congress intended section 3147 to create an independent offense. *See Affleck,* 861 F.2d at 98–99.

We conclude that Congress intended section 3147 to provide enhanced punishment for those persons convicted of offenses while free on bond pending other judicial proceedings. Section 3147 was not intended to create an independent federal offense. The other Circuits that have addressed this issue have unanimously reached the same conclusion. *United States v. DiPasquale,* 864 F.2d 271, 279–80 (3d Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989); *United States v. Feldhacker,* 849 F.2d 293, 298–99 (8th Cir.1988); *United States v. Patterson,* 820 F.2d 1524, 1526–27 (9th Cir. 1987); *see also United States v. Cooper,* 827 F.2d 991, 993–95 (4th Cir.1987); *United States v. Rodriguez,* 794 F.2d 24, 28 (2d Cir.1986), *rev'd on other grounds,* 480 U.S. 522, 107 S.Ct. 1391, 94 L.Ed.2d 533 (1987); *but see United States v. Sink,* 851 F.2d 1120, 1121–1125 (8th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 800, 102 L.Ed.2d 791 (1989) (Heaney, J., concurring) (disagreeing with *Feldhacker* but adhering to its precedential value).

Jackson also suggests that section 3147 cannot be reconciled with *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which prohibits multiple punishment for the commission of two offenses that proscribe the same conduct. We are not persuaded. Even if section 3147 created a separate federal offense, which it does not, the *Blockburger* rule is not controlling when, as here, congressional intent to provide the additional punishment is clear. *See, e.g., Missouri v. Hunter,* 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983).

*B. The $50.00 Special Assessment.*

▮ Jackson's final contention is that the $50.00 special assessment provision of

18 U.S.C. section 3013 was passed in violation of the origination clause of the United States Constitution. This Circuit recently rejected that challenge in *United States v. Herrada,* 887 F.2d 524 (5th Cir.1989).

## IV.

The sentence is AFFIRMED.