IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-10814

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVIRTIS SMITH, JR.,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 5:00-CR-25-1-C

---

April 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Alvirtis Smith, Jr. appeals his conviction following a guilty plea for possessing a firearm after having been convicted of a felony.[1] Smith contends that, because his three prior drug-trafficking convictions were not alleged in the indictment, the district court erroneously sentenced him to a fifteen-year prison term pursuant to 18 U.S.C. § 924(e). Smith concedes that in

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* 18 U.S.C.A. § 922(g) (2000).

*Almendarez-Torres v. United States*,[2] the Supreme Court held that a prior felony conviction under 8 U.S.C. § 1326(b)(2) was merely a sentencing factor and thus need not be alleged in the indictment. He observes, however, that the Supreme Court in *Apprendi v. New Jersey*[3] stated that "it is arguable that *Almendarez-Torres* was incorrectly decided." Smith concedes that *Almendarez-Torres* forecloses the issue, and raises it only to preserve his right to further review by the Supreme Court.

This Court has held that "[b]ecause § 924(e)(1) does not create a separate offense but is merely a sentence enhancement provision, the three previous convictions required by § 924(e) are not an element of the [§ 922(g)] offense."[4] Our precedent consequently disposes of Smith's appeal. "[O]ne panel of this Court cannot disregard the precedent set by a prior panel even if it disagrees with the prior panel decision. Absent an overriding Supreme Court decision or a change in the statutory law, only the court sitting *en banc* can do this."[5] We must therefore AFFIRM the district court's judgment.

---

[2] 523 U.S. 224 (1998).

[3] 530 U.S. 466, 120 S. Ct. 2348, 2362 (2000).

[4] *United States v. Affleck*, 861 F.2d 97, 98 (5th Cir. 1988); *accord United States v. Dorris*, 236 F.3d 582, 586-88 (10th Cir. 2000).

[5] *Girard v. Drexel Burnham Lambert, Inc.*, 805 F.2d 607, 610 (5th Cir. 1986).

AFFIRMED.