**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 2, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10617
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ALVA EUGENE LYTLE, JR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-307-ALL-P
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

    Alva Eugene Lytle, Jr., also known as Al Lytle and Alva
Lyttle, pleaded guilty pursuant to a written plea agreement to
being a felon in possession of ammunition transported in
interstate commerce.  His sentence was enhanced due to his status
as an armed career criminal under 18 U.S.C. § 924(e).

    Lytle first argues on appeal that under Apprendi v. New
Jersey, 530 U.S. 466, 476 (2000), his sentence should not have
been enhanced based on 18 U.S.C. § 924(e) because the prior

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

convictions used to enhance his sentence were not charged by indictment and were not proved to a jury beyond a reasonable doubt. He concedes that he is raising this challenge to preserve further review. This issue is foreclosed. See Almendarez-Torres v. United States, 523 U.S. 224 (1998); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000); United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002); United States v. Affleck, 861 F.2d 97, 99 (5th Cir. 1988).

Lytle also argues that the district court's application of 18 U.S.C. § 924(e) to his sentence resulted in a disproportionate sentence in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. However, under the waiver-of-appeal provision in Lytle's signed, written plea agreement, he cannot raise this claim on appeal. See United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).

Lytle next contends that the district court erred in applying 18 U.S.C. § 924(e) to enhance his sentence because the district court did not require the Government to present evidence of the prior convictions used for enhancement. However, the district court did not clearly err in using information in the presentence report as evidence of Lytle's prior convictions because Lytle did not satisfy his burden of proving that the presentence report was materially untrue, inaccurate, or unreliable. See U.S.S.G. § 6A1.3(a), p.s.; United States v.

<u>Floyd</u>, 343 F.3d 363, 371-72 (5th Cir. 2003); <u>United States v. Cothran</u>, 302 F.3d 279, 286 (5th Cir. 2002).

Lytle argues that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied because the statute does not require a substantial effect on interstate commerce and because his possession of the ammunition was not shown to have an effect on interstate commerce.  He acknowledges that his arguments are foreclosed by circuit precedent, but he seeks to preserve the issue for possible review.  As Lytle concedes, this issue is foreclosed.  <u>See</u> <u>United States v. Daugherty</u>, 264 F.3d 513, 518 (5th Cir. 2001);  <u>United States v. Rawls</u>, 85 F.3d 240, 242 (5th Cir. 1996); <u>United States v. Gresham</u>, 118 F.3d 258, 264-65 (5th Cir. 1997); <u>United States v. Fitzhugh</u>, 984 F.2d 143, 145-46 (5th Cir. 1993).

AFFIRMED