United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41755
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO ELIUD GARZA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-269-ALL
---------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Sergio Eliud Garza pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court determined that Garza was an armed career criminal and sentenced him to the statutory minimum of 180 months in prison pursuant to 18 U.S.C. § 924(e).

Garza argues that the district court erred in determining that his Texas conviction for burglary of a habitation was a qualifying violent felony conviction for purposes of 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 924(e). Garza contends that this court's holding to the contrary in <u>United States v. Silva</u>, 957 F.2d 157, 162 (5th Cir. 1992), was undercut by <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005). <u>Shepard</u> did not undercut <u>Silva</u>; <u>Shepard</u> extended the holding of <u>Taylor v. United States</u>, 495 U.S. 575 (1990), to cases in the guilty-plea context and clarified which documents could be considered when determining whether a prior conviction is for a generic burglary that can be used to enhance a sentence under the Armed Career Criminal Act. See <u>Shepard</u> 125 S. Ct. at 1263. Alternatively, Garza concedes that his argument is foreclosed by <u>Silva</u>, but he nevertheless raises it here to preserve it for further review.

Garza argues that his sentence was improperly enhanced under 18 U.S.C. § 924(e) because the indictment did not contain any information regarding his prior convictions and because the fact of those convictions were not proven beyond a reasonable doubt. He concedes that his argument is foreclosed by circuit precedent. See <u>United States v. Stone</u>, 306 F.3d 241, 243 (5th Cir. 2002); <u>United States v. Affleck</u>, 861 F.2d 97, 99 (5th Cir. 1988). He further concedes that is argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). Garza is raising the issue to preserve it for possible further review.

Garza also argues that the statute of conviction, 18 U.S.C. § 922(g)(1), is unconstitutional because it does not require a substantial effect on interstate commerce and is thus an improper

exercise of Congress's power under the Commerce Clause. This argument is unavailing. "This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question." United States v. De Leon, 170 F.3d 494, 499 (5th Cir. 1999). Garza concedes that his argument is foreclosed and raises it to preserve it for further possible review.

AFFIRMED.