United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40219
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTOS CANO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-381-ALL
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Santos Cano for possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e)(1). The district court determined that Cano was an armed career criminal and sentenced him to the statutory minimum, 180 months of imprisonment, pursuant to § 924(e).

Cano argues that the district court abused its discretion in refusing to give his requested jury instruction on the justification defense. Cano failed to establish that there was a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

present, imminent, and impending threat or that he had no opportunity to pursue legal alternatives during the entire time that he was in possession of the ammunition. Accordingly, he has not shown that he was entitled to assert the defense of justification. See United States v. Posada-Rios, 158 F.3d 832, 873 (5th Cir. 1998). Because he has not shown that he was entitled to assert the justification defense, he likewise has not shown that the district court abused its discretion in denying his requested jury instruction.

Cano also argues that the district court erred in determining that his Texas convictions for burglary of a habitation were qualifying violent felony convictions under § 924(e). Cano contends that this court's holding to the contrary in United States v. Silva, 957 F.2d 157, 162 (5th Cir. 1992), was undercut by Shepard v. United States, 125 S. Ct. 1254 (2005). Shepard did not undercut Silva; Shepard extended the holding of Taylor v. United States, 495 U.S. 575 (1990), to cases in the guilty-plea context and clarified which documents could be considered when determining whether a prior conviction was for a generic burglary and could be used to enhance a sentence under the Armed Career Criminal Act. See Shepard 125 S. Ct. at 1259, 1263. Alternatively, Cano concedes that his argument is foreclosed by Silva, but he nevertheless raises it here to preserve it for further review.

Cano additionally argues that § 924(e) is facially unconstitutional or, in the alternative, that his sentence was improperly enhanced under § 924(e) because the indictment did not contain any information regarding his prior convictions. He concedes that these arguments are foreclosed by circuit precedent. See United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002); United States v. Affleck, 861 F.2d 97, 99 (5th Cir. 1988). He further concedes that these arguments are foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). Cano is raising the arguments to preserve them for possible further review.

Cano finally argues that the statute of conviction, § 922(g)(1), is unconstitutional because it does not require a substantial effect on interstate commerce and is, thus, an improper exercise of Congress' power under the Commerce Clause. Cano contends that the Supreme Court's decisions in Jones v. United States, 529 U.S. 848 (2000), United States v. Morrison, 529 U.S. 598 (2000), and United States v. Lopez, 514 U.S. 549 (1995), require that the ammunition possession has a "substantial" effect on interstate commerce.

"This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question." United States v. De Leon, 170 F.3d 494, 499 (5th Cir. 1999). This court also has determined that "[n]either Jones nor Morrison

affects or undermines the constitutionality of § 922(g)." United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).

Alternatively, Cano argues that the facts established at trail, that the ammunition which he possessed had, at some unspecified time, moved in interstate commerce, were insufficient to prove a substantial effect on interstate commerce. This court repeatedly has affirmed § 922(g)(1) convictions on evidence similar to that presented in the instant case. See id. at 518 & n.12 (concluding that § 922(g)(1)'s interstate commerce element is satisfied by the defendant's possession of a firearm that was manufactured in a different state or country). Cano concedes that his arguments are foreclosed by circuit precedent, but he wishes to preserve them for further review.

Accordingly, the judgment of the district court is AFFIRMED.