IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-51041

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

CHERYL YVONNE STONE

Defendant-Appellee.

-------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas

-------------------------------------------------------------
September 12, 2002

Before SMITH and BENAVIDES, Circuit Judges, and FITZWATER, District Judge.[*]

BENAVIDES, Circuit Judge:

Defendant Cheryl Yvonne Stone ("Stone") was indicted by a single count superseding indictment, charging a violation of 18 U.S.C. § 922(g) [Felon in Possession of a Firearm] ("Section 922(g)"). It was further alleged that Stone qualified for a sentence enhancement pursuant to the Armed Career Criminal Act [18 U.S.C. § 924(e)] ("Section 924(e)").[1] Stone was

_____

[*]District Judge of the Northern District of Texas, sitting by designation.

[1]Section 924(e) provides, in pertinent part: "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1)

convicted after a jury trial and sentenced to 71 months' imprisonment. In sentencing Stone, the district court refused to enhance Stone's sentence pursuant to Section 924(e), and the United States appeals. Because the grounds given for the denial are unsupported by law, we vacate and remand for re-sentencing.

## I.

Stone was arrested when a search of her home uncovered three firearms: a .22 caliber rifle; a .30-.30 caliber rifle; and a 12 gauge shotgun. The Pre-Sentence Investigation Report (the "PSI") established that Stone had two prior burglary convictions and a conviction for aggravated battery. The former convictions appear to be based on burglaries of two different buildings, occurring a month apart.

As noted above, the district court declined to enhance Stone's sentence pursuant to Section 924(e). It reasoned that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) barred the enhancement because the jury was not asked to find that Stone had committed three previous violent felonies or serious drug crimes. The district court also appeared to conclude that Stone's criminal history consisted of only two prior violent felonies for the purposes of Section 924(e) because Stone's two burglary convictions stemmed from a single arrest.

## II.

The applicability of *Apprendi* to this case is a question of law that we review *de novo*.

---

of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)."

*See, e.g., United States v. Trennell*, 290 F.3d 881, 889 (7th Cir. 2002). We have yet to address in a published opinion, post-Apprendi, whether the Fifth and Sixth Amendments require that a Section 924(e) enhancement be based on a jury finding. *Cf. United States v. Doggett*, 230 F.2d 160, 166 (5th Cir. 2000) (holding that the sentencing court did not err in using prior convictions to enhance a sentence pursuant to Section 841(b)(1)(C), even though the prior convictions were not submitted to the jury). We now join every circuit addressing the issue in concluding that they do not.[2]

In *United States v. Affleck*, 861 F.2d 97 (5th Cir. 1988), we held that "because [Section] 924(e)(1) does not create a separate offense but is merely a sentence enhancement provision," neither the statute nor the Constitution requires a jury finding on the existence of the three previous felony convictions required for the enhancement. *Id.* at 98-9. Absent a clear contrary statement from the Supreme Court or *en banc* reconsideration of the issue, we are bound by *Affleck*. *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 411 n.3 (5th Cir. 1998); *Valero Refining, Inc. v. M/T Lauberhorn*, 813 F.2d 60, 62 (5th Cir. 1987). Neither has occurred.

In *Apprendi* the Court did hold that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In so holding, however, the Court explicitly excepted enhancements like that provided by Section 924(e), which are based upon prior

---

[2]*See United States v. Santiago*, 268 F.3d 151, 154-57 (2d Cir. 2001); *United States v. Sterling*, 283 F.3d 216, 219-220 (4th Cir. 2002); *United States v. Skidmore*, 254 F.3d 635, 642 (7th Cir. 2001); *United States v. Abernathy*, 277 F.3d 1048, 1049-1050 (8th Cir. 2002); *United States v. Summers*, 268 F.3d 683, 688-89 & n.3 (9th Cir. 2001), *cert. denied*, 122 S.Ct. 1182 (2002); *United States v. Dorris*, 236 F.3d 582, 586-88 (10th Cir.), *cert. denied*, 532 U.S. 986 (2001); *United States v. Thomas*, 242 F.3d 1028, 1035 (11th Cir.), *cert. denied*, 533 U.S. 960 (2001).

convictions. *Id.*[3] Accordingly, Stone's *Apprendi* challenge fails.

### III.

Whether Stone's two prior burglary convictions should be treated as a single "violent felony" for the purposes of Section 924(e) merely because they stemmed from a single arrest is also a question of law we review *de novo*.[4] As noted above, Section 924(e) provides for a sentencing enhancement applicable to offenders who have committed three felonies "on occasions different from one another." We recognize that the fact that multiple convictions stemmed from a single arrest could possibly be relevant to the determination whether the underlying felonies were "committed on occasions different from one another." That fact is not, however, dispositive.[5] *See United States v. Herbert*, 860 F2d 620, 622 (5th Cir. 1988) (holding that "multiple convictions arising from multiple criminal transactions should be treated as separate convictions, regardless of the number of judicial proceedings involved in the conviction."); *United States v.*

---

[3]This exception is consistent with the Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), in which the Court held that Congress could treat recidivism as a sentencing factor rather than an element of the offense when codifying the penalties for a violation of 8 U.S.C. § 1326(a). The Court in *Apprendi* expressly declined to overrule *Almendarez-Torres*. *Apprendi*, 530 U.S. at 489-490.

[4]Stone argues that we need not address the applicability of Section 924(e) because her PSI is not part of the appellate record. Even a cursory review of the docket demonstrates that Stone is mistaken.

[5]It is unclear, but it appears from the transcript of the sentencing hearing that the district court may have conflated Section 924(e)'s separate and distinct transactions requirement with U.S.S.G. § 4A1.2's "relatedness" inquiry. We have previously held, however, that when determining if a defendant has three felonies for the purposes of Section 924(e), whether felonies are "related" for the purposes of U.S.S.G. § 4A1.2 is irrelevant. *United States v. Medina-Gutierrez*, 980 F.2d 980, 983 (5th Cir. 1992).

4

*Ressler*, 54 F.3d 257, 259-260 (5th Cir. 1995) (focusing on whether the crimes were committed simultaneously or sequentially); *see also United States v. Riddle*, 47 F.3d 460, 462 (1st Cir.1995) ("Congress, thinking primarily about the protection of the public, adopted a definition of armed career criminal that ignores the duration of the career or the youthfulness of the adult offender or the lack of lengthy intervals or arrests between the crimes."); *United States v. Letterlough*, 65 F.3d 332, 337 (4th Cir. 1995).[6]

## CONCLUSION

In light of the foregoing discussion, the sentence of the district court is hereby VACATED and this matter is REMANDED for re-sentencing.

---

[6]We do not address the question whether the burglary convictions at issue arose from distinct criminal transactions as this issue was not addressed by the district court. *Cf. Herbert*, 860 F.2d at 622 n.1 ("The crimes for which the appellant was convicted occurred on separate days at separate locations and with two intervening days during which the appellant, presumably, was not engaged in criminal activity. Under these circumstances, we have no difficulty in holding that these instances were separate criminal transactions. We need not and do not address the issue of whether multiple convictions for crimes committed over a period of days or hours as part of a criminal spree constitute single or multiple criminal transactions.").