IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41492
Summary Calendar
_____

JEFFERY SAUNDERS,

Petitioner-Appellant,

versus

ERNEST V. CHANDLER, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-664
--------------------
October 9, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jeffery Saunders, federal prisoner # 36208-004, appeals the dismissal of his 28 U.S.C. § 2241 petition. Saunders argues, as he did in the district court, that his sentence under 18 U.S.C. § 924(e) was a violation of 1) the Ex Post Facto Clause because he committed his felon-in-possession-of-a-firearm before the enactment of that provision and 2) Apprendi v. New Jersey, 530 U.S. 466 (2000), because the indictment did not allege his prior

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions.  Saunders contends that he has met the requirements of 28 U.S.C. § 2255's savings clause such that he may bring his claims in a 28 U.S.C. § 2241 proceeding.

Saunders could have raised his ex post facto claim at sentencing, on appeal, or in his prior 28 U.S.C. § 2255 motion, and he has not met the requirements of the savings clause to raise the claim in a 28 U.S.C. § 2241 petition.  See Reyes-Requena v. United States, 243 F.3d 893, 900 (5th Cir. 2001).  Nor has he met the requirements of the savings clause to raise his Apprendi claim in a 28 U.S.C. § 2241 petition.  See Wesson v. U.S. Penitentiary, Beaumont, TX., __ F.3d __, 2002 WL 31006173 (5th Cir. Sep. 5, 2002).  Further, his Apprendi claim is without merit.  See United States v. Stone, __ F.3d __, 2002 WL 31031714 (5th Cir. Sep. 12, 2002); Apprendi, 530 U.S. at 490.

AFFIRMED.