**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 23, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-40855
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SERGIO HOMAR RODRIGUEZ-LUIS,

                                        Defendant-Appellant,

--------------------
Consolidated with
No. 02-41289
--------------------

UNITED STATED OF AMERICA,

                                        Plaintiff-Appellee,

versus

SERGIO LUIS RODRIGUEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-643-1
--------------------

Before DAVIS, BARKSDALE, and, STEWART, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Sergio Homar Rodriguez-Luis appeals his conviction and sentence for possession with the intent to distribute cocaine. He argues that the district court erred in applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) and, additionally, that 21 U.S.C. § 841(a)&(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

The Government met its burden of showing that a temporal and spatial relationship existed between the weapons, Rodriguez, and the drug trafficking activity, and Rodriguez failed in his burden of establishing that it was clearly improbable that the weapons were connected with the offense. See United States v. Cooper, 274 F.3d 230, 245 & n.8 (5th Cir. 2001). Therefore, the district court did not clearly err in applying the U.S.S.G. § 2D1.1(b)(1) enhancement. See United States v. Jacquinot, 258 F.3d 423, 430 (5th Cir. 2001), cert. denied, 534 U.S. 1116 (2002).

Rodriguez correctly concedes that the issue whether 21 U.S.C. § 841(a)&(b) are unconstitutional is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), and he raises it only to preserve its further review by the Supreme Court. We are indeed bound by our precedent absent an intervening Supreme Court decision or a subsequent en banc decision. See United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002).

AFFIRMED.