United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41133
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN ANGEL HINOJOSA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-125-1
--------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:*

Martin Angel Hinojosa appeals his guilty-plea conviction and sentence for possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 2, 841 and 846. Hinojosa challenges the district court's refusal to apply the "safety valve" provision, U.S.S.G. § 5C1.2, arguing that the district court did not make an independent determination concerning Hinojosa's "truthfulness" in providing "to the Government all

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

information and evidence [he had] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan[.]" See U.S.S.G. § 5C1.2(a)(5).

The district court's finding regarding Hinojosa's truthfulness for purposes of U.S.S.G. § 5C1.2(a)(5) is plausible in the light of the record viewed in its entirety. See United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996). The district court did not substitute Agent Martinez' decision for its own; rather, the court acted well within its wide discretion in finding Agent Martinez' testimony credible. See United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995); United States v. West, 58 F.3d 133, 138 (5th Cir. 1995). Therefore the district court did not clearly err in refusing to apply the "safety valve" provision.

Hinojosa also argues that 21 U.S.C. § 841 is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Hinojosa correctly concedes that the issue is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), and he raises it only to preserve its further review by the Supreme Court. We are indeed bound by our precedent absent an intervening Supreme Court decision or a subsequent en banc decision. See United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002).

Accordingly, the judgment of the district court is **AFFIRMED**.