**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 4, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-21117
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD SHARP,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-740-ALL
--------------------

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Reginald Sharp appeals from his conviction of being a felon
in possession of a firearm.  He argues that the district court
committed reversible error when it removed him from the courtroom
during voir dire and when it refused to allow him to confer with
counsel regarding exercising his challenges for cause.

Sharp did not object to the continuation of proceedings in
his absence and, therefore, review is for plain error only.  See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

United States v. Roberts, 913 F.2d 211, 216 (5th Cir. 1990). The district court warned Sharp that he was to remain quiet and that he would be removed from the courtroom if he continued his disrespectful behavior. Neither the Supreme Court nor the Federal Rules requires more. See Allen v. Illinois, 397 U.S. 337, 343 (1970); see also FED. R. CRIM. P. 43(c)(1)(C). Sharp has not shown that his removal from the courtroom was plain error.

Sharp asserts, in a conclusional fashion only, that in refusing counsel's request for a recess, his constitutional rights were violated and that he was prejudiced. These wholly conclusional allegations are insufficient to show that the district court's decision "seriously affect[ed] the fairness, integrity or public reputation of [the] judicial proceedings" and are therefore insufficient to demonstrate plain error. See United States v. Vasquez, 216 F.3d 456, 459 (2000).

Insofar as Sharp argues that his absence from the courtroom deprived him of the ability to fully advise counsel on the issuance of peremptory strikes, his reliance on United States v. Alikpo, 944 F.2d 206, 210 (5th Cir. 1991) is misplaced, because Sharp waived his right to be present; Alikpo did not.

Sharp concedes that his sufficiency-of-the-evidence argument is foreclosed by United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002), and he raises it only to preserve its further review by the Supreme Court. We are indeed bound by our precedent absent an

intervening Supreme Court decision or a subsequent en banc decision.  See <u>United States v. Stone</u>, 306 F.3d 241, 243 (5th Cir. 2002).

AFFIRMED.