United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-40708
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID WAYNE GUILLORY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CR-66-1
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges

PER CURIAM:[*]

David Wayne Guillory appeals his conviction and sentence for

being a felon in possession of a firearm.  See 18 U.S.C.

§ 922(g).  He argues that the evidence at trial was insufficient

to support his conviction in that the Government failed to prove

that he possessed the shotgun at issue.  See United States v.

Mergerson, 4 F.3d 337, 348-49 (5th Cir. 1993).  A review of the

trial transcript reveals that Special Agent Chris Reed of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Bureau of Tobacco, Alcohol, and Firearms (ATF) testified that Guillory admitted to him that he had pawned the shotgun.  The testimony of Torrance Ray Harris, the pawn shop employee who handled the transaction, testified that he recognized Guillory as the man who had pawned the shotgun.  The Government also introduced into evidence the shotgun pawn ticket bearing Guillory's signature.  In light of this evidence, a rational trier of fact could have found that the Government proved beyond a reasonable doubt that Guillory possessed the shotgun at issue. See United States v. Lankford, 196 F.3d 563, 575 (5th Cir. 1999).

Guillory argues that the district court erred by denying his motion to dismiss the indictment based on the unconstitutionality of 18 U.S.C. § 922(g).  He concedes that "the constitutionality of § 922(g) is not open to question" in this circuit.  United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).  He raises the issue to preserve it for possible Supreme Court review.

Guillory also argues that his sentence was improperly enhanced under 18 U.S.C. § 924(e) because the indictment did not contain any information regarding his prior convictions.  He concedes that his argument is foreclosed by circuit precedent, see United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002), and he is raising the issue solely to preserve it for possible further review.

AFFIRMED.