United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40984
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JABAR EUGENE CURRENCE,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CR-79-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Jabar Eugene Currence appeals the sentence imposed following his plea of guilty to one count of assaulting a correctional officer.  Finding no error, we affirm.

     Currence first complains that the district court erred in denying him an adjustment for acceptance of responsibility.  We review the district court's determination under a highly-deferential standard.  See United States v. Cano-Guel, 167 F.3d 900, 906 (5th Cir. 1999).  Given Currence's improper,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disrespectful and unlawful behavior during the presentence interview with the probation officer, the district court committed no error in denying the adjustment.

Currence also argues that the district court violated his Sixth Amendment rights in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005), by applying an adjustment for physical contact under U.S.S.G. § 2A2.4(b)(1), and for his status as a career offender under U.S.S.G. § 4B1.1.  As Currence was sentenced after the decision in <u>Booker</u> was rendered, the district court was free to make all findings relevant to sentencing by a preponderance of the evidence.  <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005).  Currence concedes that <u>Mares</u> is controlling, but he argues that it was incorrectly decided.  We disagree and, in any event, we are bound by our precedent.  <u>See</u> <u>United States v. Stone</u>, 306 F.3d 241, 243 (5th Cir. 2002).

The judgment of the district court is AFFIRMED.