United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-41021
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMES ELLIOTT GORTON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-270
--------------------

Before BARKSDALE, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appealing the Judgment in a Criminal Case following a remand
for resentencing, James Elliott Gorton raises arguments that are
foreclosed by Almendarez-Torres v. United States, 523 U.S. 224,
235 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty
provision and not a separate criminal offense.  Gorton also
raises arguments that are foreclosed by United States v. Stone,
306 F.3d 241, 243 (5th Cir. 2002), which held that no Sixth
Amendment violation arises when a district court considers the
nature of a prior conviction rather than presenting the question

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to a jury in sentencing the defendant under the Armed Career Criminal Act, and by <u>United States v. Matthews</u>, 312 F.3d 652, 657 (5th Cir. 2002), which held that under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined by the appellate court on a subsequent appeal. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.