United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40172
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALENTE ACOSTA-LICEA, also known as Valente Acosta,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-825
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Valente Acosta-Licea appeals from his guilty-plea conviction
and sentence for being found in the United States after previous
deportation. See 8 U.S.C. § 1326. Acosta-Licea argues that the
district court erred by imposing a 16-level adjustment under
U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon his Texas conviction for
burglary of a habitation. As Acosta-Licea concedes, his argument
is foreclosed by United States v. Garcia-Mendez, 420 F.3d 454,
455-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006), and
although he argues that Garcia-Mendez was incorrectly decided,

_____
[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Garcia-Mendez</u> remains binding.  <u>See</u> <u>United States v. Stone</u>, 306 F.3d 241, 243 (5th Cir. 2002).

Acosta-Licea's constitutional challenge to § 1326 is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Acosta-Licea contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Acosta-Licea properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.