United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41805
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLANDO GARCIA-REYES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-104-ALL
--------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rolando Garcia-Reyes appeals his guilty-plea conviction and
sentence for possession with intent to distribute 686.9 kilograms
of marijuana in violation of 21 U.S.C. § 841.  Garcia-Reyes
argues that the district court erred by imposing a career
offender enhancement under U.S.S.G. § 4B1.1 based upon the
classification of his Texas convictions for burglary of a
habitation as crimes of violence.

As Garcia-Reyes concedes, his argument is foreclosed by
United States v. Garcia-Mendez, 420 F.3d 454, 455-57 (5th Cir.

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2005), <u>cert. denied</u>, 126 S. Ct. 1398 (2006).  Although he argues that <u>Garcia-Mendez</u> was incorrectly decided, <u>Garcia-Mendez</u> remains binding.  <u>See</u> <u>United States v. Stone</u>, 306 F.3d 241, 243 (5th Cir. 2002).

For the first time on appeal, Garcia-Reyes argues that the penalty scheme in 21 U.S.C. § 841(a) and (b) is unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Garcia-Reyes concedes that his argument is foreclosed by <u>United States v. Slaughter</u>, 238 F.3d 580, 582-84 (5th Cir. 2000), but he states that he is raising the issue in order to preserve it for Supreme Court review.  In <u>Slaughter</u>, 238 F.3d at 582, we held that there is "nothing in the Supreme Court decision in <u>Apprendi</u> which would permit [this court] to conclude that 21 U.S.C. §§ 841(a) and (b), 846, and 860(a) are unconstitutional on their face."  Garcia-Reyes's argument is foreclosed, as he so concedes.  Accordingly, the district court's judgment is AFFIRMED.