United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 6, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50652
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GABRIEL LEE SHIPP,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-37-ALL
---------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Gabriel Lee Shipp appeals the 151-month sentence imposed following his guilty-plea conviction for possession with intent to distribute more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine. This court reviews the district court's interpretation and application of federal Sentencing Guidelines de novo. United States v. Sprick, 233 F.3d 845, 852 (5th Cir. 2000).

     Shipp's sentence was determined, in part, by application of the guideline for methamphetamine (actual). Shipp argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court violated his right to due process by applying this guideline when there exists a guideline for mixtures.  He contends that concern for the uniform application of the guidelines and the rule of lenity weigh in favor of application of the guideline for mixtures.

There is a rational basis for the different treatment of methamphetamine (actual) and methamphetamine under the Sentencing Guidelines, and the Guidelines do not violate due process in this regard.  See United States v. Molina, 469 F.3d 408, 413 (5th Cir. 2006).  The methamphetamine guidelines are not subject to arbitrary application.  Id.  Shipp has not shown error.

Shipp also contends that his Sixth Amendment rights were violated by the determination of his sentence under the guideline for methamphetamine (actual) given that he was convicted for possessing a mixture and substance containing methamphetamine. The Guidelines provide that, "[i]n the case of a mixture or substance containing . . . methamphetamine, use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the . . . methamphetamine (actual), whichever is greater."  § 2D1.1(c) n.B. Under the Guidelines, then, the application of the guideline for methamphetamine (actual) is a product of a factual finding by the district court, which does not violate the Sixth Amendment after United States v. Booker, 543 U.S. 220 (2005).  See United States

v. Johnson, 445 F.3d 793, 797-98 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006). Shipp has failed to demonstrate error.

Finally, Shipp argues that the district court erred in considering methamphetamine amounts as relevant conduct that were not admitted by him or charged in the information. Shipp concedes that, under United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006), the district court was permitted to make factual findings concerning relevant conduct without judicial admission or a jury finding. He contends, however, that Alonzo was wrongly decided, and he wishes to preserve the issue for Supreme Court review.

Absent an en banc determination or Supreme Court decision to the contrary, Alonzo is binding. See United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002). Accordingly, Shipp's contention that the district court erred in considering facts not admitted by him or charged in the information is unavailing.

AFFIRMED.