IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2008

Charles R. Fulbruge III
Clerk

No. 06-11300

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LAWRENCE JAMES TAYLOR

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-95-ALL

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant Lawrence Taylor challenges the propriety of his sentence, alleging that 1) the district court improperly enhanced his sentence under the Armed Career Criminal Act and 2) the district court imposed an unreasonable sentence. Further, Taylor brings a collection of other challenges to his sentence and conviction, but he concedes that those claims are foreclosed by precedent. Finding Taylor's arguments without merit, we AFFIRM the district court on all grounds.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. Factual and Procedural History

A grand jury indicted Defendant Lawrence James Taylor ("Defendant") on one charge of being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Taylor filed a motion to dismiss the indictment on the basis that these statutes were unconstitutional, but he acknowledged that his arguments were foreclosed under this court's case law, and he raised the issue only to preserve it for possible further review. The district court denied the motion, and with the Government's written consent, Taylor conditionally pleaded guilty to the charge against him while preserving his right to challenge the indictment.

Taylor's presentencing report ("PSR") determined that Taylor was an Armed Career Criminal ("ACC") and assigned him a base offense level of 33 pursuant to U.S.S.G. § 4B1.1. This ACC designation was based on Taylor's two prior burglary convictions, which were deemed violent felonies; his conviction for possession of cocaine, which was a serious drug offense; and his conviction for injury to a child, which qualified as a crime of violence. Taylor received no adjustments to his offense level and qualified for a criminal history category of VI. Thus, his guidelines sentencing range was 235-293 months in prison and three-to-five years of supervised release.

Taylor objected to the PSR, arguing that his cocaine conviction did not qualify as a serious drug offense, and though the Government ultimately agreed, the change in classification of the drug conviction did not change Taylor's status as an ACC or his offense level. Additionally, Taylor contended that the statutory maximum sentence for his offense was ten years, but he conceded that this argument was foreclosed by United States v. Almendarez-Torres, 523 U.S. 224 (1998). Taylor also argued that he had accepted responsibility for his offense and should have received a corresponding adjustment to his offense level.

Further, he contended that a sentence below the guidelines range was proper and reasonable based on the factors given in 18 U.S.C. § 3553. Finally, Taylor objected to his ACC classification, arguing that it was improper because the Government could not show that his two burglary offenses occurred on different occasions.

The district court sustained Taylor's objection concerning the drug offense and denied the remaining objections. With respect to Taylor's ACC argument, the district court noted that the indictments and the judgments for the two burglary convictions established that the two offenses took place nine months apart.

The district court sentenced Taylor to serve 260 months in prison and a four-year term of supervised release. Taylor filed a timely notice of appeal, again challenging the applicability of his ACC enhancement and the reasonableness of his sentence and raising a variety of foreclosed claims to preserve them for further review.

## II. ACCA Enhancement

### A. Standard of Review

Legal conclusions underlying a district court's application of the Armed Career Criminal Act are reviewed de novo. United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002). The district court's factual findings will be upheld unless they are clearly erroneous. United States v. Barlow, 17 F.3d 85, 89 (5th Cir. 1994).

### B. Discussion

On appeal, Taylor challenges his sentence enhancement under the Armed Career Criminal Act ("ACCA"), alleging that the district court violated Shepard v. United States, 544 U.S. 13, 24-26 (2005), and United States v. Fuller, 453 F.3d

274, 278 (5th Cir. 2006), by applying the ACCA enhancement to his sentence. Specifically, Defendant asserts that nothing in the Shepard-approved documents, the only documents that the district court may consult in applying the ACCA, supported the district court's conclusion that the offenses occurred on different occasions.

The ACCA subjects a defendant convicted under 18 U.S.C. § 922(g) to a minimum sentence of 15 years if he has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). To establish that an ACCA enhancement is proper, the Government bears the initial burden of establishing the defendant's prior convictions. See Barlow, 17 F.3d at 89. However, "[o]nce the Government establishes the fact of a prior conviction based upon a guilty plea, the defendant must prove the invalidity of the conviction by a preponderance of the evidence."[1] Id. Ultimately, the district court must determine whether the ACCA applies and in doing so is generally limited to consulting the following sources: 1) the statutory definition, 2) the charging document, 3) the written plea agreement, transcript of the plea colloquy, or prior-offense judgment, and 4) any

---

[1] This approach accords with other circuits' applications of the ACCA burden of proof. While all circuits to address the issue note that the Government carries an initial burden, they also place the onus on defendants to prove that prior offenses are not separate. See United States v. Phillips, 149 F.3d 1026, 1033 (9th Cir. 1998), cert. denied, Phillips v. United States, 526 U.S. 1052 (1999) ("The Government carried its burden of proving by a preponderance of the evidence that Phillips committed three predicate offenses 'on occasions different from one another.' It did so by submitting unchallenged, certified records of conviction and other clearly reliable evidence. . . . The burden then shifted to Phillips to challenge the Government's evidence.") (internal citations omitted); United States v. Cowart, 90 F.3d 154, 159 (6th Cir. 1996) (holding that once the Government has shown that defendant has prior convictions, the burden shifts to the defendant to demonstrate that the predicate crimes were committed as part of a single common scheme or plan); United States v. Hudspeth, 42 F.3d 1015, 1019 n.6 (7th Cir. 1994) (holding that a certified record of conviction satisfies the Government's burden and the defendant must then establish that the prior convictions occurred on one occasion); United States v. Redding, 16 F.3d 298, 302 (8th Cir. 1994) (same); United States v. Ruo, 943 F.2d 1274, 1276 (11th Cir. 1991) (same).

explicit finding by the trial court to which the defendant assented. See Fuller, 453 F.3d at 279 (citing Shepard, 544 U.S. at 16, 24-26).

According to these procedures, the district court's imposition of the ACCA enhancement was proper in Taylor's case. The Government met its initial burden by providing reliable evidence of past convictions. Defendant then bore the burden of proving that the convictions did not support an ACCA enhancement. Defendant argued that the ACCA enhancement was improper because ambiguity might exist regarding the date of the offenses, but Defendant failed to introduce any evidence, much less a preponderance, that his offenses occurred simultaneously. Defendant's only arguments attempted to introduce uncertainty as to the date of the offenses because the indictments say "on or about." Thus, Defendant could not meet his Barlow burden and demonstrate by a preponderance of the evidence that his prior convictions are invalid for consideration under the ACCA. Based on the evidence presented, the district court consulted only Shepard-approved sources, concluded from the indictments and state court judgments that Defendant's offenses occurred on different occasions, and applied the ACCA enhancement. Given Defendant's failure to offer evidence to the contrary, the district court's findings were proper.

This holding is consistent with our decision in Fuller, though the Fuller court never addressed the Barlow standard. Fuller, who had been convicted of two burglaries taking place on the same day, introduced evidence that "he and a friend entered two different buildings (or trailers) simultaneously," Fuller, 453 F.3d at 278, and based on this evidence as well as the possibility of accomplice liability, the Fuller court concluded that "we cannot determine as a matter of law that the burglaries occurred on different occasions." Id. at 279. Thus, the Fuller court implicitly found that Fuller had carried his burden of proof by supplying some evidence that his offenses did not occur on different occasions.

Unlike in Fuller, Defendant here provides no evidence that his burglaries occurred simultaneously; Defendant merely attempts to introduce ambiguity. Thus, while Fuller succeeded in carrying his burden of proof under Barlow, Defendant fails to meet his burden, and the district court's ACCA enhancement was proper.

## III. Reasonableness of Sentence

### A. Standard of Review

This court reviews guidelines sentences for reasonableness in light of the factors set forth in § 3553(a).  United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005).  In reviewing for reasonableness, an appellate court "merely asks whether the trial court abused its discretion ." Rita v. United States, 127 S . Ct. 2456, 2462-63 (2007).  A district court's sentencing decision is entitled to great deference. Gall v. United States, 128 S . Ct. 586, 597-98 (2007) (fact that appellate court might reasonably impose different sentence is insufficient justification for reversal of district court).  In fact, this court has held that sentences within a properly calculated guideline range should be afforded a rebuttable presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).  The Supreme Court upheld this rebuttable presumption in Rita v. United States, 127 S. Ct. at 2462.

When analyzing the reasonableness of a sentence, this court considers if the sentence: 1) fails to "account for a factor that should have received significant weight," 2) gives "significant weight to an irrelevant or improper factor," or 3) "represents a clear error of judgment in balancing the sentencing factors."  United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007).  A defendant who wishes to show that his within-guidelines sentence was unreasonable must establish that his sentence "falls so far afoul" of one of these

factors "as to constitute a clear error in the court's exercise of its broad sentencing discretion." Id.

## B. Discussion

Taylor argues that two unrelated factors make his sentence unreasonable. First, he argues that he should have received an adjustment for acceptance of responsibility and that his sentence was an unreasonable four to six years longer because he did not receive the adjustment. Second, Taylor argues that, despite his guilty plea, he is actually innocent of the injury to a child offense to which he pleaded; he does not challenge the conviction but does assert that, in light of his factual innocence, the district court was unreasonable in declining to give him a more lenient sentence.

Nothing indicates that Taylor's sentence was unreasonable. The district court adopted the PSR, considered proper § 3553 factors, and gave a sentence midway in the guideline range. The record demonstrates none of the Nikonova factors for rebutting the presumption of reasonableness, and Taylor has made no showing that his sentence is the result of "a clear error in the court's exercise of its broad sentencing discretion." See Nikonova, 480 F.3d at 376. Thus, Taylor has not rebutted the presumed reasonableness of his guidelines sentence.

## IV. Other Issues

To preserve his claims for further review, Taylor raises a number of issues that he concedes are foreclosed by precedent.

First, Taylor argues that his enhanced sentence under § 924(e) is unconstitutional because the dates of his prior convictions were not alleged in the indictment, proven beyond a reasonable doubt to a jury, or admitted by him. For this proposition, he cites Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. White, 465 F.3d 250, 254 (5th Cir. 2006); and United States v.

Stone, 306 F.3d 241, 243 (5th Cir. 2002). However, "Section 924(e)(1) does not create a separate offense but is merely a sentence enhancement provision." White, 465 F.3d at 254 (quoting Stone, 306 F.3d at 243) (internal brackets and quotation marks omitted). Consequently, "neither the statute nor the Constitution requires a jury finding on the existence of the three felony convictions required for the enhancement." Id. (quoting Stone, 306 F.3d at 243). Moreover, "[t]he data necessary to determine the separateness of [a defendant's crimes] is [sic] inherent in the fact of prior convictions and do not have to be put before a jury." Id. (internal citation and quotation marks omitted). This argument is, as Taylor concedes, foreclosed.

Taylor also argues that the sentencing enhancement provisions of § 924(e) are unconstitutional under Apprendi and that his prior convictions are elements of the offense that must be proven to a jury. Taylor concomitantly argues that his plea was involuntary because he was not admonished that "the prior offense enhancement provisions of 18 U.S.C. § 924(e) stated essential offense elements that Taylor had the right to have the Government prove, and a jury find, beyond a reasonable doubt." However, in Almendarez-Torres, 523 U.S. at 235, the Court held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate element of a criminal offense. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (noting that the Apprendi Court expressly declined to overrule Almendarez-Torres). Further, in Blakely, the Court reaffirmed its holding in Apprendi, that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" Blakely v. Washington, 542 U.S. 296, 301-02 (2004) (quoting Apprendi, 530 U.S. at 490). Similarly, the Court in Booker applied its holding to "[a]ny fact (other than a prior conviction)." Booker, 543 U.S. at 244.

Accordingly, Taylor's argument fails. See United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005) (holding that "[c]areer offender status is not a sentencing judge's determination of fact other than a prior conviction"), cert. denied, 546 U.S. 1115 (2006).

Finally, Taylor argues that the factual basis for the interstate commerce element of his offense was insufficient to support his guilty plea conviction and, alternatively, that § 922(g) is unconstitutional. He suggests that after United States v. Lopez, 514 U.S. 549, 567 (1995), in which the Court held that the Commerce Clause does not authorize Congress to criminalize the purely local possession of a firearm within a school zone, two panels of this court have reluctantly and erroneously upheld the constitutionality of § 922(g)(1). This court previously rejected a Commerce Clause challenge to § 922(g) under Lopez, stating, "'the constitutionality of § 922(g) is not open to question.'" United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001) (quoting United States v. DeLeon, 170 F.3d 494, 499 (5th Cir. 1999)). The Daugherty court also refused to reconsider the interstate commerce element of § 922(g)(1) in light of Morrison and Jones, reasoning that those cases are distinguishable because a plain jurisdictional element exists in § 922(g), and, as in the instant case, there was stipulated evidence showing that the gun traveled in interstate commerce. Daugherty, 264 F.3d at 518. "Neither Jones nor Morrison affects or undermines the constitutionality of § 922(g)." Daugherty, 264 F.3d at 518.

## V. Conclusion

For the reasons stated above, we AFFIRM Taylor's sentence and conviction on all grounds.