# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20694

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2015

Lyle W. Cayce
Clerk

Plaintiff – Appellee,

v.

RONALD RAY NORMAN, also known as Ronnie Ray Norman,

Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-219

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Ronald Ray Norman was convicted on two felon-in-possession counts under 18 U.S.C. § 922(g)(1)—one for possessing a firearm, and the other for possessing ammunition. On appeal, Norman argues that his indictment should have been quashed because it failed to charge that he had three previous convictions for a violent felony or a serious drug offense, which are prerequisites to the fifteen-year mandatory-minimum sentencing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20694

enhancement codified at 18 U.S.C. § 924(e)(1). Norman also challenges the sufficiency of the evidence and the district court's denial of his motion to suppress a statement he made to police officers while they were searching him after his arrest. Finally, Norman challenges his sentences as duplicative in violation of the Double Jeopardy Clause. Norman's challenge to the indictment is foreclosed by our decision in *United States v. Stone*, 306 F.3d 241 (5th Cir. 2002). Both convictions were supported by sufficient evidence and Norman's statement to police was not responsive to interrogation. However, Norman's two convictions reflect only a single episode of possession and thus violate the Double Jeopardy Clause. Accordingly, we VACATE Norman's sentences and REMAND with instructions that the district court dismiss one of the counts at the election of the government.

## I.

Norman was arrested in February 2014 after a police chase that ended on foot on the northbound lanes of I-45 in Houston. During the chase, two police officers saw Norman discard a handgun in the bushes separating the freeway from a feeder road. A short time later, after Norman had been apprehended, the officers returned to the bushes and located a .38 caliber Smith & Wesson revolver. Two other officers quickly searched Norman while still standing on I-45 and discovered five loose .38 Special bullets in his pants pocket. After the officer who found the bullets showed them to the other officer and remarked "Make sure you search him good . . . look what I found," Norman responded "I found those at Starbucks." The officers had not asked Norman any questions or given him *Miranda* warnings.

Norman was indicted for being a felon in possession of a firearm (the .38 revolver) and for being a felon in possession of ammunition (the five .38 Special bullets), both in violation of § 922(g)(1). The indictment invoked § 924(e)(1), which imposes a mandatory-minimum prison term of fifteen years on any

person who violates § 922(g) and "has three previous convictions . . . for a violent felony or a serious drug offense." The indictment did not indicate that Norman had three such previous convictions. Norman moved to quash the indictment, and the district court denied the motion.

At trial, the parties stipulated that Norman had a previous felony conviction. Norman moved to suppress his statement, "I found those at Starbucks," and the court denied the motion after a suppression hearing. Norman was found guilty on both counts after a three-day jury trial. At the sentencing hearing, the district court imposed concurrent 252-month prison terms on each count and special assessments of $100 per count under 18 U.S.C. § 3013. Norman objected to the two sentences on the ground that "the ammunition and gun count merge." This appeal followed.

## II.

Norman argues that his indictment violated the rule of *Apprendi v. New Jersey*, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). As Norman concedes, his challenge to the indictment is foreclosed by our decision in *Stone*. In that case, we held that the prior convictions requisite to an enhancement under § 924(e) need not be submitted to the jury and proven beyond a reasonable doubt. *Stone*, 306 F.3d at 243; *accord United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006). *Apprendi*'s charging rule does not apply to the prior convictions requisite to a § 924(e) enhancement "because § 924(e)(1) does not create a separate offense but is merely a sentence enhancement provision." *Stone*, 306 F.3d at 243 (quoting *United States v. Affleck*, 861 F.2d 97, 98 (5th Cir. 1988)). Accordingly, Norman's appeal of the district court's denial of his motion to quash the indictment fails.

No. 14-20694

Norman next argues that there was insufficient evidence to support a guilty verdict on either of the two counts. His sufficiency challenges are preserved and we review them de novo, asking "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Meza*, 701 F.3d 411, 418 (5th Cir. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Norman stipulated to being a previously convicted felon, and a rational jury could have found beyond a reasonable doubt that he possessed a firearm and ammunition. As to the firearm, two police officers testified that, while chasing Norman on foot, they saw him reach into his jacket pocket and throw a handgun into some bushes. Both officers also testified that they returned to the bushes and located a .38 Smith & Wesson less than five minutes later. As to the ammunition, one officer testified that, while searching Norman in tandem with another officer, he saw the other officer reach into Norman's pants pocket and pull out five loose bullets. The evidence of possession was sufficient to support both guilty verdicts.

Norman's challenge to the district court's denial of his motion to suppress his statement to police officers about finding the bullets at Starbucks also fails. Norman's statement—"I found those at Starbucks"—was made while he was in custody and before police gave him *Miranda* warnings. But *Miranda*'s procedural requirements—and the remedy of suppression when those requirements are violated—apply only to "statements stemming from custodial interrogation of the defendant." *United States v. Bennett*, 626 F.2d 1309, 1311 (5th Cir. Unit B 1980). When Norman made the statement, officers had not asked him any questions or otherwise directly communicated with him. "Interrogation" can describe police conduct other than express questioning, but only such conduct as "words or actions on the part of police (other than those

normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). Norman's statement was responsive to one officer's comment to another, after having found the bullets in Norman's pocket: "Make sure you search him good . . . look what I found." That is not the sort of evocative comment that officers should have known would be reasonably likely to elicit an incriminating response. Because Norman's statement was not made in the context of custodial interrogation, the absence of *Miranda* warnings did not require that the statement be suppressed.

Finally, Norman argues that the district court could not impose separate special assessments under 18 U.SC. § 3013 on his two convictions because the two felon-in-possession counts reflect only a single offense. If Norman's two convictions indeed represent only a single offense, his sentences run afoul of the Double Jeopardy Clause even though he was sentenced to concurrent terms of imprisonment. *See Rutledge v. United States*, 517 U.S. 292, 301 (1996) ("As long as § 3013 stands, a second conviction will amount to a second punishment."); *United States v. Ogba*, 526 F.3d 214, 236 n.52 (5th Cir. 2008) ("Concurrent sentences imposed for a conviction on the offense and the lesser offense are a 'cumulative punishment' that violates the double jeopardy clause."). "We review questions of multiplicity [for Double Jeopardy Clause purposes] de novo." *United States v. Lankford*, 196 F.3d 563, 577 (5th Cir. 1999).

We have repeatedly held that multiple convictions under § 922(g)(1) for simultaneous possession by a felon of multiple firearms—or a firearm and ammunition—violate the Double Jeopardy Clause. *Meza*, 701 F.3d at 431–33; *United States v. Berry*, 977 F.2d 915, 919–20 (5th Cir. 1992). In deciding whether multiple items were possessed simultaneously, we have considered whether only "one episode of possession" occurred. *Meza*, 701 F.3d at 432

(quoting *Berry*, 977 F.2d at 918); *cf. United States v. Hope*, 545 F.3d 293, 297 (5th Cir. 2008) ("[T]he statute criminalizes a 'course of conduct, not an act.'"). The government argues that Norman did not possess the gun and bullets simultaneously because he discarded the gun in the midst of a police chase, while continuing to possess the bullets in his pocket until he was apprehended. We conclude that this is an insufficient disjunction in Norman's treatment of the gun and bullets to constitute separate "episodes of possession." Accordingly, Norman's separate sentences for his two convictions under § 922(g)(1) violate the Double Jeopardy Clause.

There remains a question as to the proper relief. Norman objected only to the two $100 special assessments below—not to the second conviction itself—and so his challenge to the conviction is forfeited. *See Ogba*, 526 F.3d at 232. Nevertheless, as the government commendably acknowledged at oral argument, our cases do not support treating the conviction and sentence separately when correcting a double jeopardy error. *See id.* at 240 (reversing conviction); *Hope*, 545 F.3d at 298 (vacating both sentence and conviction even though defendant raised challenge for first time on appeal); *Meza*, 701 F.3d at 433–34 (instructing district court to dismiss one conviction after raising double jeopardy issue *sua sponte*). Judicial economy also guides our decision to address the conviction now rather than in an otherwise inevitable habeas proceeding. *See Meza*, 701 F.3d at 434; *United States v. Pineda-Ortuno*, 952 F.2d. 98, 105 (5th Cir. 1992). Accordingly, we instruct the district court to dismiss one of the two convictions at the government's election and resentence on the remaining conviction. The conviction not dismissed is deemed affirmed. *See Meza*, 701 F.3d at 434 (Where both convictions are supported by sufficient evidence, "[w]e may deem the conviction on the remaining count affirmed.").